```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                       CASE  NO.  13-23612-Civ-MORENO
                       MAGISTRATE JUDGE P.A. WHITE

THEODORE KEITH GRIFFIN,       :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
MICHAEL D. CREWS,             :

     Respondent.              :
_____
```

## I. Introduction

Theodore Griffin, who is presently confined at Apalachee Correctional Institution in Sneads, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and in case numbers 09-37496 and 11-26509 from the Eleventh Judicial Circuit Court for Miami-Dade County. At the time the of filing the petitioner was detained in the Miami-Dade Corrections and Rehabilitation Department at the Metro West Detention Center.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the amended petition for writ of habeas corpus with exhibits, and the Respondent's response to an order to show cause with appendix of exhibits.

## II. Procedural History

The petitioner was charged in two separate cases. In case

1

number 09-37496 he was charged with two counts of burglary of an unoccupied structure and one count of petit theft. (DE# 23-4, p. 4). In case number 11-26509 he was charged with the following five crimes: (1)aggravated battery on a law enforcement officer; (2) aggravating fleeing or attempting to elude a law enforcement officer after an accident; (3) resisting a law enforcement officer with violence; (4) giving a false name after arrest , and (5) driving while license suspended. The court conducted a plea colloquy to determine if the petitioner wanted to plead no contest to the charges in exchange for a sentence of 5 years. (DE# 23-4, p. 4-26).

During the colloquy the petitioner first agreed that he wanted to plead no contest. (DE# 23-4, p. 4). He was entering the plea because it was in his best interest. (DE# 23-4, p. 5-6). When asked about his satisfaction with counsel's performance the petitioner stated that he believed counsel had been ineffective. (DE# 23-4, p. 6). He stated he was taking the plea because he had other ways of addressing his conviction, including federal habeas relief. (DE# 23-4, p. 6). He claimed there were witnesses he wanted counsel to speak with and claimed the victims did not exist. (DE# 23-4, p. 7). At this point the prosecutor stated that the petitioner would have to go trial if he refused to accept the plea. (DE# 23-4, p. 7). The prosecutor further stated that if the petitioner did not think counsel was effective then he did not have to accept the plea. (DE# 23-4, p. 9). The court then instructed the petitioner that if believed he had a defense and the State could not prove its case, then he should not accept the plea. (DE# 23-4, p. 9). The petitioner claimed he was under a threat because if he went to trial he could face a longer sentence and lose the benefit of the 5 year sentence in the plea agreement. The court explained that it was not a threat because if he was found guilty he was subject to

a mandatory 5 year sentence. (DE# 23-4, p. 10). The petitioner agreed to enter the plea in his best interest. (DE# 23-4, p. 11). The petitioner was sentenced to concurrent 5 year sentences as an habitual offender on Counts 1, 2, and 3 and time served on Counts 4 and 5. The judgment was recorded on February 14, 2013. (DE# 23-1, p. 26). The petitioner filed a notice of appeal on March 6, 2013. (DE# 23-1, p. 25). His appeal remains pending.

While his appeal has been pending the petitioner has filed a number of motions in the trial court. These motions have attacked the legality of his sentence. Each of the motions to correct an illegal sentence have been denied. (DE# 23-1, p. 2-58 (trial court docket). In addition the petitioner has filed petitions for writ of habeas corpus in the State trial court. All of these petitions have been either denied or dismissed. Id. On October 24, 2013 the trial court dismissed any pending petitions without prejudice, noting that if the petitioner's appeal was successful the petitions would be moot. (DE# 23-6, p. 7-8). The order of dismissal was without prejudice to re-file after his direct appeal. (DE# 23-6, p. 8).

In addition to these State court filings the petitioner has filed a prior petition for writ of habeas corpus in this court. (Case no. 12-22082-CIV-MARRA). That petition was dismissed under the abstention doctrine because the petitioner had not yet been convicted. (12-22082-CIV-MARRA, DE# 7). The case was closed on November 6, 2012.

The petitioner filed the instant petition on October 2, 2013.[1] The petitioner's initial pleading was rejected due to his failure

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

to abide by page limitation and format. (DE# 5). The petitioner filed several amendments. (DE# 6, 9, 18). On February 28, 2014 he filed a motion to dismiss all but the petition that was filed on November 13, 2013 which was the subject of the court's order to show cause. (DE# 27). Thus the operative petition is docket entry 6. He raises 15 claims, including claims of trial error and ineffective assistance of counsel. He acknowledges in his petition that many of these claims are still pending in State court.

### III. Statute of Limitations and Exhaustion

The petitioner's conviction has not yet become final as it is still pending on direct appeal. The petition must be dismissed as the petitioner has failed to exhaust his State court remedies. As discussed above the petitioner's direct appeal and numerous post conviction proceedings are currently pending in the State courts. Until such proceedings have concluded the petitioner has not exhausted his state remedies.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id. Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition.

"It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)).

Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). In either event the instant petition is premature. In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845; see 28 U.S.C. § 2254(b), (c). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir.1995).

Because the petitioner's appeal proceedings are pending in State court, it is appropriate to dismiss the instant case without prejudice. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir.2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)); see, e.g., Garcon v. Palm Beach County Sheriff's Office, 291 Fed. Appx. 225 (11th Cir.2008) (federal pre-trial detainee's claims including allegation the Speedy Trial Act had been violated should be properly brought during his criminal case and on direct appeal; the habeas petition was premature and due to be dismissed). The petitioner may return to this Court and file a single § 2254 habeas corpus petition after the conclusion of his appeal and exhaustion

5

of any post-conviction remedies. <u>Rose</u>, 455 U.S. at 520. He is cautioned to return to this Court promptly because there is a one-year time limitation for filing a subsequent habeas corpus petition.[2]

### IV. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. <u>Slack v. McDaniel</u>, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). <u>See also</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit,

---

[2] A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This period usually begins to run when the judgment becomes final after direct appeal or when the time to seek review has expired. <u>Id.</u> The period is tolled while properly filed applications for state post-conviction or collateral relief are pending with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, the statute is not tolled by a prior federal habeas petition. <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) (federal habeas petition is not an "application for State post-conviction or other collateral review" under § 2244(d)(2)).

Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no Certificate of Appealability issue and the case be closed.

It is further recommended that any outstanding motions be denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 14th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Theodore K. Griffin, pro se
      DC# M47941
      Franklin Correctional Institution
      1760 Highway 67 North
      Carrabelle, Florida 32322


      Jill D. Kramer, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131